IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
1999 SEP 14  AM 8 35
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R.

RICARDO SANTIAGO VERA            *
        Plaintiff                *
                                 *
                                 *
vs.                              *        CIVIL NO. 98-2231 (JP)
                                 *
                                 *
WILLIAMS HOSPITALITY GROUP, INC.,*
et al.                           *
        Defendants               *
_____*

## O R D E R

Before the Court is the Puerto Rico Secretary of Labor's Motion to Quash Subpoena (**docket No. 120**).  The Secretary of Labor ("Secretary") filed the Motion at bar after Defendants served the Department of Labor with a subpoena seeking the production and inspection of the case files belonging to or related to Plaintiff's unemployment records.

The Secretary seeks the quash of the subpoena because pursuant to the relevant Puerto Rico statute,

> any information obtained from any employing unit or individual on the administration of this chapter and determinations as to the benefit rights of any individual, shall be held confidential and shall not be disclosed or open to public inspection in any way that reveals the individual's or the employing unit's identity.

See P.R. Laws Ann. tit. 29 §713(k).  The Secretary adds that according to Federal law, a state's unemployment insurance act must contain a provision limiting disclosure of information received from employers or individual claimants.

AO 72A
(Rev.8/82)

CIVIL NO. 98-2231 (JP)          2

The issue at bar is not novel.  Several states have statutes which parallel the one invoked by the Secretary.  See, e.g. N.C. Gen. Stat. §96-4(t)(5)(1994) (North Carolina Statute); 820 Ill. Comp. Stat. §405/1900 (Illinois Statute); La.R.S. 23:1660 (Louisiana Statute).  Like the Puerto Rico statute, the statutes cited make unemployment compensation proceedings confidential.  See Equal Employment Opportunity Comm'n v. Illinois Department of Employment Security, 995 F.2d 106 (7th Cir. 1993).  Their confidentiality is aimed at compelling the parties to be as open as possible during the administrative benefit hearings.  See Hartsell v. Duplex Products, Inc., 985 F. Supp. 100, 102 (W.D. N.C. 1995).

The privilege guaranteed by these confidentiality statutes, however, is limited to actions arising under state law.  Rule 501 of the Federal Rules of Evidence provides in relevant part that

> the privilege of a witness, person, government, State or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the court of the United States in the light of reason and experience.  However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law.

The Complaint at bar essentially arises under the laws of the United States.  The Court's jurisdiction exists because Plaintiffs claim that Defendants have violated their civil rights as set forth in the American with Disabilities Act.  See Lewis v. Radcliff

CIVIL NO. 98-2231 (JP)          3

Materials, Inc., 74 F.R.D. 102 (E.D. La. 1977). Thus, pursuant to Federal Rule of Evidence 501, courts apply federal common law in relation to evidentiary privileges in federal question cases. See Gallardo v. Board of County Commissioners, Kearny County, Kansas, 881 F. Supp. 525 (D. Ks. 1995).

The relevant case law indicates that no federal common law privilege exists regarding confidentiality in state unemployment compensation proceedings. See id. at 529; Equal Employment Opportunity Commission v. Illinois Department of Employment Security, 995 F.2d at 108. In view of the absence of any applicable federal privilege, and because the purpose of the statute invoked by the Secretary is to discourage the parties from withholding information during unemployment benefits proceedings and the parties have expressed their desire to obtain such materials from the Department of Labor, the Court hereby determines that the parties have waived any confidentiality privilege and hereby **DENIES** the Secretary's Motion to Quash Subpoena.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of September, 1999.

by: JAIME PIERAS, JR.
UNITED STATES DISTRICT JUDGE