IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
1999 NOV -3  AM 10: 03

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN. P.R.

RICARDO SANTIAGO VERA   *
   Plaintiff     *
        *
        *
vs.        *   CIVIL NO. 98-2231 (JP)
        *
        *
WILLIAMS HOSPITALITY GROUP, INC., *
et al.       *
    Defendants   *
_____*

# O R D E R

The Court has before it Defendants' Motion to Dismiss Non-Employer Defendants for Lack of Subject Matter Jurisdiction and Other Reasons (**docket No. 126**) and Plaintiff's Opposition thereto (docket No. 139). For the reasons that follow, the Court hereby **DENIES** Defendants' Motion.

Defendants argue that the Court should dismiss Plaintiff's Complaint against Co-defendants Condado Plaza Hotel & Casino and Wyndham Resort Hotels of Puerto Rico because they do not exist as legal entities. Further, Defendants contend that the Complaint against Wyndham International, Inc., Wyndham Management Corp., and Patriot American Hospitality, Inc., should be dismissed because they were not in any way affiliated with Plaintiff's employer at the time of his discharge. In sum, Defendants state that the only

7

158

CIVIL NO. 98-2231(JP)            2

entity which is subject to this lawsuit is Plaintiff's employer Posadas de Puerto Rico Associates, which does business as the Condado Plaza Hotel and Casino.

The only evidence that Defendants provide in support of their position is a declaration of the Regional Corporate Risk Manager for Posadas de Puerto Rico Associates, Inc. and Wyndham International, Inc., Julio R. Solla. Defendants, however, have not announced Solla as a witness or his declaration as evidence in this case as explicitly required by the Initial Scheduling Conference Call and Order.

Furthermore, Defendants have not produced the documents which explain the corporate structure and relationship among the Defendants as requested by Plaintiff's first request for production of documents and as explicitly ordered in the Court's ISC Order. In view that Defendants have violated an Order of this Court, and pursuant to Rule 37 (b)(2) the Court will impose sanctions against Defendants. See R.W. International Corp. v. Welch Foods, Inc., 937 F.2d 111 (1st Cir. 1991). The trial date is approaching and a basic aspect of the case regarding the identity of the parties has not been clarified. Moreover, the Court cannot stress enough how both parties in the instant case have flooded the docket with motion largely due to Defendants' failure to produce relevant documents. In view of the above, and

CIVIL NO. 98-2231(JP)                3

as a sanction for their lack of good faith in helping the truth surface and for their failure to comply with an explicit Order, the Court hereby **DENIES** Defendants' Motion to Dismiss and will treat all Defendants as a common employment entity.  Therefore, Defendants' argument that Plaintiff has sued a non-employing entity is deemed waived.

    **IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 28 day of October, 1999.

                        JAIME PIERAS, JR.
                    U. S. SENIOR DISTRICT JUDGE